```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

            v.                        15 Cr. 84 (KPF)

STEVEN HART,
                                      Conference
                 Defendant.

------------------------------x

                                      New York, N.Y.
                                      February 13, 2015
                                      4:55 p.m.

Before:

         HON. KATHERINE POLK FAILLA

                                      District Judge



         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
JASON H. COWLEY
     Assistant United States Attorney


KEVIN R. PUVALOWSKI
JEFF KERN
     Sheppard Mullin Richter & Hampton LLP
     Attorneys for Defendant


ALSO PRESENT:

     JOSHUA ROTHMAN
     Pretrial Services
```

1              (Case called)
2              MR. COWLEY:  Good afternoon, your Honor.  Jason Cowley
3     appearing for the government.
4              MR. PUVALOWSKI:  Kevin Puvalowski and Jeff Kern on
5     behalf of the defendant.
6              THE COURT:  Good afternoon.  Good afternoon to you,
7     Mr. Hart.
8              Mr. Rothman, are you here from pretrial services?
9              MR. ROTHMAN:  Your Honor.
10             THE COURT:  Mr. Hart, most of the other people in this
11    courtroom know who I am.  I will introduce myself.  I'm Judge
12    Failla.  I am the judge to which your case has assigned.  I am
13    to arraign you this afternoon on an information.  That is my
14    understanding.  Is that your understanding as well?
15             THE DEFENDANT:  Yes, your Honor, it is.
16             THE COURT:  Mr. Puvalowski, do you have a copy of the
17    information?
18             MR. PUVALOWSKI:  Yes, I do, your Honor.
19             THE COURT:  Can you place it in front of Mr. Hart
20    along with the waiver of indictment form.
21             MR. PUVALOWSKI:  Your Honor, we just --
22             THE COURT:  It's coming.
23             MR. PUVALOWSKI:  -- handed it up.
24             THE COURT:  It works better if you have one that
25    actually has signature on it.

1    Mr. Hart, let me begin with the housekeeping matter,
2    sir.  As I was reading this information, I saw that it
3    discusses conduct -- you can sit.  It's OK.  You can be more
4    comfortable today.  Thank you.
5         This discusses conduct that took place in 2009.  Just
6    so you are aware, sir, in 2009 I actually was an employee of
7    the United States Attorney's office for the Southern District
8    of New York.  I have every reason to believe that I had no
9    involvement in this case, and I am going to confirm that with
10   the government, but I wanted to make sure the record was clear
11   and that you were aware, sir, that before this job, that was a
12   job that I had.  Let me check with Mr. Cowley and confirm that
13   I have no involvement in this case.
14        MR. COWLEY:  That is correct, your Honor.
15        THE COURT:  Thank you very much.
16        Nevertheless, Mr. Hart, if for some reason you have
17   concerns about my prior employment, you can discuss them with
18   Mr. Puvalowski.  If there is any application for recusal,
19   please make it within the next two weeks.
20        That to the side, let's look at this document.  Mr.
21   Hart, I have been given a copy of an information.  I believe
22   you have it in front of you as well.  It has the beginnings of
23   a docket number, sir, 15 Cr.  But until it gets filed, it
24   doesn't have the end of the docket number.  Do you have this
25   document in front of you?

1  THE DEFENDANT:  Yes, I do.

2  THE COURT:  As well, sir, I have a copy of what is
3  called a waiver of indictment form.  It also has the beginnings
4  of a docket number and it has three signatures on it.  I am
5  told that one of them is yours.  I have marked my copy of this
6  document Court Exhibit 1.  Do you have a copy of it as well,
7  sir?

8  THE DEFENDANT:  Yes, I do.

9  THE COURT:  Is that in fact your signature on the
10 waiver of indictment form?

11 THE DEFENDANT:  Yes, it is.

12 THE COURT:  Before you signed it, did you discuss it
13 with your attorneys?

14 THE DEFENDANT:  Yes.

15 THE COURT:  Did they explain to you the significance
16 of this form?

17 THE DEFENDANT:  Yes, they did.

18 THE COURT:  Do you understand, Mr. Hart, that you are
19 under no obligation to waive indictment in this case?

20 THE DEFENDANT:  Yes.

21 THE COURT:  Do you further understand, sir, that if
22 you elected not to waive indictment, the government would be
23 required, if it wanted to pursue these charges against you, to
24 go before the grand jury and obtain an indictment?

25 THE DEFENDANT:  I understand.

1      THE COURT:  Do you understand as well that if the
2  government were to go to the grand jury, the grand jury may or
3  may not return an indictment in this case?
4      THE DEFENDANT:  I understand.
5      THE COURT:  I have been using the term "grand jury"
6  because I'm assuming, sir, that you have discussed what a grand
7  jury is with your counsel.  If you would like me to discuss it
8  with you, I'd be happy to do that.
9      THE DEFENDANT:  No.  I did.
10      THE COURT:  Mr. Puvalowski, do you know of any reason
11  why I should not find that Mr. Hart has waived his right to be
12  indicted?
13      MR. PUVALOWSKI:  No, your Honor.
14      THE COURT:  Thank you.
15      Mr. Cowley, the same question.  Is there any reason
16  why I should not find that Mr. Hart has knowingly and
17  voluntarily waived his right to be indicted by a grand jury?
18      MR. COWLEY:  No, your Honor.
19      THE COURT:  Based on my discussions with Mr. Hart and
20  my discussions with two counsel, and my observations of his
21  demeanor here in court today, I find that Mr. Hart has
22  knowingly and voluntarily waived his right to be indicted by a
23  grand jury, and I will authorize the filing of this
24  information, which, among other things, will give it a docket
25  number for reference.

```
 1              The next step, Mr. Hart, is to arraign you on this
 2   document.  Let me ask you a few more questions.  Before today
 3   or before this proceeding, have you had an opportunity to
 4   review this information?
 5              THE DEFENDANT:  Yes, I have.
 6              THE COURT:  Have you had an opportunity to discuss it
 7   with your attorneys?
 8              THE DEFENDANT:  Yes, I have.
 9              THE COURT:  Would you like me to read this document in
10   open court or do you waive its public reading?
11              THE DEFENDANT:  Waive.
12              THE COURT:  How do you plead to the charge at this
13   time, sir?
14              THE DEFENDANT:  Not guilty.
15              THE COURT:  We will enter a not guilty plea on your
16   behalf.
17              Mr. Cowley, it seems to me that this is the first
18   proceeding in this case and therefore there are 70 days
19   remaining on the speedy trial clock.  Is that correct?
20              MR. COWLEY:  That is correct, your Honor.
21              THE COURT:  Can you give me a sense of what else we
22   should be doing today?  I believe there is going to be a bail
23   application, and I will talk about that.  Apart from that, has
24   discovery been produced?  Will discovery be produced?  This
25   case is a little bit unusual.
```

1           MR. COWLEY:  It is, your Honor, and we appreciate the
2   Court's flexibility.  To give your Honor a little background,
3   this matter was originally set for a plea today as well, but
4   there was a change of counsel that took place within the last I
5   think 24 hours.
6           In terms of going forward from here, your Honor, what
7   the government would request is that we set a status conference
8   for 30 days from today.  We will move to exclude time in the
9   interim, and that will give time to confer with new counsel as
10  to possible disposition of this case and where things are
11  headed, and we will be able to report back to you in 30 days as
12  to that.
13          THE COURT:  I'm not opposed to.  I just want to make
14  sure of my read on this case, particularly since I think there
15  is a companion SEC proceeding that was resolved perhaps two
16  years ago, in December of 2012.  Has all the discovery that is
17  going to be produced been produced?
18          MR. COWLEY:  No, discovery has not been produced, your
19  Honor.
20          THE COURT:  Is it your contemplation that discovery
21  would be produced within that 30-day period?
22          MR. COWLEY:  If necessary, we can.  There is a
23  possibility of entertaining a proffer from the defendant on
24  some matters, and it would generally be my policy not to
25  produce discovery if possible cooperation is ongoing.  It would

1  be my request to be able to give the Court an update about that
2  at a first status conference, and we can have discovery
3  completed very shortly after that next status conference if
4  that is necessary.
5      THE COURT:  Just so I am clear, and I'll check with
6  Mr. Puvalowski in a moment, what you are saying is in this
7  30-day period you will be discussing the matter with new
8  counsel and seeing whether a meeting would be fruitful with the
9  parties?
10     MR. COWLEY:  Correct, your Honor.
11     THE COURT:  And not producing discovery until after,
12 if necessary, the conference that we have 30 days hence?
13     MR. COWLEY:  That is correct, your Honor.
14     THE COURT:  Mr. Puvalowski, do you agree with that?
15     MR. PUVALOWSKI:  We do, your Honor.  What Mr. Cowley
16 has described is exactly what we have contemplated.  We
17 actually have a meeting with the government set up for next
18 week to have further discussions with regard to a disposition.
19     At this point Mr. Cowley's suggestion with respect to
20 discovery seems to be a reasonable one.  If the discussions
21 don't move forward rapidly, that might change.  But we will
22 certainly be in a position to give your Honor an update at the
23 next status conference, whether that is 30 days or sometime
24 thereafter.  We fully anticipate there is going to be a
25 disposition here, Judge.

1    THE COURT:  Just so I am clear, you have what you need
2 to make an informed discussion and to give the appropriate
3 advice to your client in the next 30-day period?
4    MR. PUVALOWSKI:  Yes, your Honor.
5    THE COURT:  I just wanted to make sure of that because
6 I don't know what you have as opposed to what the government
7 has.  It seems to me, perhaps I'm wrong, much of this material
8 may have been produced in connection with the SEC matter.
9    MR. PUVALOWSKI:  Your Honor, the facts as they are
10 alleged in the information relate to a perjury count that
11 relates to SEC testimony and to fairly discrete events that
12 relate to an alleged obstruction of justice.  The discovery
13 with respect to those two charges would not be very
14 significant.
15    We have only been in the case for about 48 hours, but
16 that being said, we are confident at this point that we can
17 have effective conversations with the government with respect
18 to the next step.  If and when that changes, we will of course
19 ask for the appropriate discovery.  In the interim, the plan as
20 specified by AUSA Cowley seems like a reasonable course to us.
21    THE COURT:  Two more questions, please.  I have
22 downloaded the complaint in the SEC matter.  I didn't know
23 whether I needed to be conversant in it in order to have this
24 conference.  It was enough for me that there was a matter and
25 it was resolved shortly after it was filed.  That matter, at

1    least in my perusal of the complaint, suggested much more than

2    what is here today.  I should not focus on the other things

3    that are discussed in that complaint?

4            MR. PUVALOWSKI:  Your Honor, the information that was

5    just filed momentarily are the relevant charges for the case in

6    front of your Honor.  No doubt the facts of the SEC case do

7    provide context for the alleged perjury and obstruction here.

8    Again, if we weren't in a position where we thought we would be

9    having a disposition rapidly, this might be a different issue.

10           The two counts are fairly discrete.  The SEC complaint

11   provides context to those counts, probably nothing more beyond

12   that.  Certainly it is relevant information in the background.

13   It is not specifically relevant to the charges that are pending

14   against the defendant.

15           THE COURT:  One more thing, sir.  The government

16   indicated that it is about to ask me for the exclusion of time

17   between now and this conference 30 days hence.  Do you have a

18   position?

19           MR. PUVALOWSKI:  No objection, your Honor, because we

20   will be using that time to discuss a potential disposition.

21           THE COURT:  Thank you.

22           Mr. Cowley, I'm not going ask you about discovery at

23   the moment, because I think the parties understand the

24   discovery they have, and we will see if they need anything

25   else.  Am I to understand, sir, that we are not contemplating

1    any superseding charging instruments?

2              MR. COWLEY:  Not presently, your Honor, again
3    depending on discussions over the next 30 days.

4              THE COURT:  I'll be more pointed, sir.  Am I going to
5    see insider trading in a future charging document in this case?
6    I guess that all depends.

7              MR. COWLEY:  It all depends, your Honor.

8              THE COURT:  An easier question for you, sir.  Are
9    there victims under the Crime Victim Rights Act and is there a
10   protocol in place to notify them of proceedings in this case?

11             MR. COWLEY:  There are not victims under the charges
12   pending in the information, your Honor.

13             THE COURT:  Mr. Lopez, may I have a date in about 30
14   days.

15             THE CLERK:  Tuesday, March 17th, at 4 p.m.

16             MR. PUVALOWSKI:  Your Honor, if I can make a request?

17             THE COURT:  Of course.

18             MR. PUVALOWSKI:  I'm in the middle of a lengthy trial.

19             THE COURT:  Right now?

20             MR. PUVALOWSKI:  In state court I am.  We are off on
21   Fridays.  We happened to be off this week for different
22   reasons.  We do not sit on Fridays.  Would it be possible to
23   get a Friday date?

24             THE COURT:  Sure.  Mr. Lopez.

25             THE CLERK:  Friday, March 13th at 3 p.m.

1      THE COURT:  Will that work, Mr. Puvalowski?

2      MR. PUVALOWSKI:  Yes, your Honor, thank you.

3      THE COURT:  I'm getting a nod from Mr. Kern as well.

4      Mr. Hart, that will work for you as well?

5      THE DEFENDANT:  Yes.

6      THE COURT:  Mr. Cowley?

7      MR. COWLEY:  The government is always ready.

8      THE COURT:  Is there an application from the
9  government?

10     MR. COWLEY:  There is, your Honor.  The parties have
11 discussed the matter.  I think we have a package on consent,
12 your Honor.

13     THE COURT:  Do you want to do that before the
14 exclusion?

15     MR. COWLEY:  I'm sorry, your Honor.  We will start
16 with the application for exclusion of time between today and
17 March 13th.

18     THE COURT:  I understand from Mr. Puvalowski there is
19 no objection.  Having thought about the matter, I will exclude
20 time from today's date through the 13th of March.  I am finding
21 under the Speedy Trial Act that the ends of justice served by
22 excluding this period of time outweigh the interests of the
23 public and of Mr. Hart in a speedy trial because it will allow
24 new counsel time to get up to speed on the case, which they
25 have had for a whole 48 hours, and to decide how best to

1    resolve this matter and whether that involves a pretrial
2    resolution of the matter.  So I will exclude the time.
3            I do appreciate your reminding me, Mr. Cowley, that we
4    have as well a potential bail application.  I know Mr.
5    Rothman's office has provided me the report.  I have read it.
6    There is a suggestion in there that this is a case where bail
7    is warranted.  If there is something that the parties
8    negotiated, I would be happy to entertain it.
9            MR. COWLEY:  Thank you, your Honor.  The parties would
10   propose a $250,000 personal recognizance bond secured by the
11   defendant's signature and the signature of one additional
12   financially responsible person.  The government consents to the
13   signature of the second person being obtained by no later than
14   February 20, 2015, the close of business that day.  We also ask
15   for regular pretrial services supervision and that the
16   defendant surrender any passports.
17           The suggested travel in the pretrial services report
18   is to the Southern and Eastern Districts.  Defense counsel has
19   asked for and the government consents to travel being limited
20   to the continental United States, the lower 48.
21           That is our package, your Honor.
22           THE COURT:  There was a reference in the pretrial
23   services report to a contemplated trip to Anguilla in April.
24   Has that trip been postponed?
25           MR. PUVALOWSKI:  Your Honor, the status of the trip

1  remains to be determined, largely depending on the status of
2  discussions between the government and us.  When the time
3  comes, we will make an application about that trip.  For now we
4  don't need to deal with it.
5              THE COURT:  Thank you.  I think that is all of the
6  criteria that I need to look at:
7              A $250,000 personal recognizance bond signed by the
8  defendant and one financially responsible party, with the
9  defendant being permitted to be released on his signature with
10 the understanding that the co-signer will sign by the 20th of
11 February;
12             Regular pretrial supervision;
13             The surrender of travel documents, and no new
14 applications; and
15             Travel limited to the continental United States.
16             I don't think I'm missing anything.  I'm fine with it
17 and will authorize it.  Is there anything else we should be
18 adding to this?
19             MR. PUVALOWSKI:  That is acceptable to the defense,
20 your Honor.  Thank you.
21             THE COURT:  Mr. Rothman, what am I forgetting?
22             MR. ROTHMAN:  We suggested telephone or Internet
23 reporting as opposed to the defendant coming to the office in
24 person.
25             MS. GREENBERG:  Fine by the government, your Honor.

|   |   |
|---|---|
| 1 | MR. PUVALOWSKI:  Yes. |
| 2 | THE COURT:  How would you like me to identify that, |
| 3 | sir?  Should we pick one or can I say either? |
| 4 | MR. ROTHMAN:  Either. |
| 5 | THE COURT:  Either telephonic or Internet reporting. |
| 6 | Given these particular charges and given that no one seems to |
| 7 | believe Mr. Hart is going to go anywhere without anyone's |
| 8 | knowledge, I think that makes sense. |
| 9 | Anything else, sir? |
| 10 | MR. ROTHMAN:  No.  That's all, your Honor. |
| 11 | THE COURT:  Thank you for staying to remind me of |
| 12 | that.  That is what I will do. |
| 13 | I have nothing else to discuss in today's proceeding. |
| 14 | I will go to the back and fill out the bail disposition sheets |
| 15 | because I think that is what is holding up or one of the things |
| 16 | that is holding up Mr. Hart's release.  If you will wait a few |
| 17 | minutes I will do that. |
| 18 | Anything else, Mr. Cowley? |
| 19 | MR. COWLEY:  No, your Honor.  Just a housekeeping |
| 20 | measure to allow the marshals to go ahead and leave.  Is it all |
| 21 | right with the Court if Mr. Hart walks over the magistrate's |
| 22 | court not in custody to execute the forms? |
| 23 | THE COURT:  I'm fine with that, but I don't want to |
| 24 | step on the marshals' toes.  Will the marshals let me know if |
| 25 | that is something I can authorize? |

```
 1               THE MARSHAL:  Yes.
 2               THE COURT:  You are free to leave.  I will have him
 3    walk over.  I presume you, Mr. Cowley, will have to walk over
 4    the sign the bond.
 5               MR. COWLEY:  I will.
 6               THE COURT:  Anything else, Mr. Cowley?
 7               MR. COWLEY:  No, your Honor.
 8               THE COURT:  Mr. Puvalowski?
 9               MR. PUVALOWSKI:  No, your Honor.
10               THE COURT:  Thank you very much.  Mr. Hart, see you in
11    a month, if not sooner.
12               (Adjourned)
13
14
15
16
17
18
19
20
21
22
23
24
25
```